GREEN, guardian, *et al. vs.* GREEN.

Where a written agreement was entered into between parties to an equity cause, that a certain decree should be entered on certain terms, and afterwards one of the parties filed objections under oath to the same, but asked for no rule *nisi* and introduced no evidence to sustain the objections, there was no error in ordering the decree to be entered. The objections were pleading, not evidence.

Equity. Practice in the Superior Court. Before Judge CRISP. Lee Superior Court. November Term, 1877.

Reported in the decision.

W. A. HAWKINS, for plaintiffs in error.

G. W. WARWICK, for defendant.

WARNER, Chief Justice.

This was a motion to enter a decree upon the following agreed statement of facts:

"Deborah Green in her own right and as guardian *ad litem* of Wm. H. and Jesse Green, *vs.* Wm. D. Green, adm'r, etc. In equity, in Lee superior court. For account, relief, and injunction, etc.

" The parties in the above case agree on the following settlement of all the claims and charges in said bill: That the amount due from the defendant as administrator *de bonis non* of Wm. H. Green's estate, as administrator of Ellen A. Green's estate, and as guardian of William H. and Jesse Green, is seven thousand dollars principal, with interest from the first day of January, 1876. That complainants may take a decree at the next term of this court for said sum, with stay of execution upon the half thereof until the first day of January 1877, and a stay upon the

other half until the first day of January 1878; that the said William D. Green turn over to the said Deborah, in her own right, and as guardian *ad litem*, the plantation and all the property thereon, belonging to the estate of the said William H. Green, together with ninety-one bales of cotton in the warehouse of Harrold Johnson & Co., and on said plantation, and that she, in her own right and as guardian, accept and receive the same. That the said William D. Green turn over to the said Deborah, and as collateral security for the payment of the said seven thousand dollars and interest, one note on William H. Morgan for the sum of $1,890, one note on J. D. Green for the sum of $1,210, accounts on the overseer and hands on the plantation for $506, one note on Wm. G. Bell for the sum of $833.36, with credit of $75, one note on B. F. Wolf for $100, with credit of $20, and that she receipt him, the said Green, for the same as collateral as aforesaid. The decree for the seven thousand dollars and interest, and with the stays aforesaid, to be taken at the next term of Lee superior court. And when the said decree is complied with and the money paid, either out of the collaterals or otherwise, then the said William D. Green and his securities are discharged from all liability, on either the guardian's bond or upon the bond of the said William D. Green as administrator *de bonis non*, and as administrator, and from liability upon all of said bonds. And upon compliance with said decree and this agreement, the said Green is to be discharged from said administrations and guardianships and from all liability thereon, or on either of them. It is also agreed that said Deborah pay to W. A. Hawkins, within ten days, three hundred and thirty-three dollars and fifty cents, counsel for said Wm. D. Green.                                    DEBORAH GREEN,

" 7th April, 1876.                    WM. D. GREEN."

   W. A. HAWKINS,

     Attorney for William D. Green.

  LYON & NISBET,

  G. W. WARWICK,

     Attorneys for Complainants."

The defendant filed the following objections to the entering of the decree : " And now comes the defendant and objects to the entering the decree for the amounts claimed by complainants, but says that since the said agreement to enter the decree for seven thousand dollars, he has paid to complainants the sum of one thousand dollars, and here presents copy receipt for the same ; that he placed in the hands of said complainants as collateral security to be collected and credited on said case, the following notes : One on J. D. Green, note for twelve hundred and ten dollars, due 15th April, 1876. One on W. H. Morgan for eighteen hundred and ninety dollars, due January 9, 1877. That afterwards, to-wit : and before the present term of this court, and before the taking of said decree said complainants extended day of payment to said Green and Morgan, giving them time for a different rate of interest, at the rate of twelve per cent interest, and therefore defendant says he is entitled to have a credit upon said claims of the date of January 1, 1877. He is also advised that on the Bell note complainants have one hundred and fifty dollars to which he is entitled to a credit, and which being placed upon the debt as of January 1877, pays off the principal and leaves a credit to go on the last instalment which is stayed until 1st January, 1878. And for further reason why said complainant should not have his judgment for the said amount of three thousand dollars, that at the time of the said agreement, in April 1876, and as a part of said agreement a copy of which is here to the court shown—complainants received two notes, one on Bell for $832, with a small credit, and the other on Wolf, for two hundred dollars, with a credit of $20.00. This said note on Bell was perfectly good, and could have been collected, and therefore the said claim before decree had, ought to be credited with said amount of the Bell note, or that the said complainants ought to account to defendant for said note, and therefore defendant asks that said credits be entered upon the said claim before a final decree is allowed. W. A. HAWKINS,
Defendant's Attorney."

"In open court comes W. D. Green, who on oath says the facts set forth in the foregoing answer are true to the best of his knowledge and belief.        W. D. GREEN.

"Sworn to in open court, November 17, 1877.
                                        JAMES MORGAN, Clerk."

"Filed November 17, 1877.        JAMES MORGAN, Clerk."

Philip Jackson, as guardian of W. H. Green and Jesse Green, and Deborah F. Jackson, wife of Philip Jackson, formerly Deborah Green, *vs.* Wm. D. Green.

In equity, bill for relief, etc.        Lee superior court, November term, 1877.

"Upon the written agreement of parties, approved by the court, and entered on the minutes of this court at the March term, 1876, and no issue of fact being involved in the said case, it is ordered and decreed by the court, that complainant, Philip Jackson, as guardian of the minors, Wm. H. Green and Jesse Green, and Deborah F. Jackson, wife of Phil Jackson, formerly Deborah F. Green, recover of William D. Green, defendant, as administrator *de bonis non* of Wm. H. Green, as administrator of Ellen A. Green, and as guardian of Deborah F. Green, Wm. H. Green and Jesse Green, the sum of three thousand one hundred and fifty-six dollars ($3,156.00), with interest thereon from the first day of July 1877, and the further sum of costs of suit to be taxed by the clerk, and that execution issue for that sum.

"It is further ordered that complainants give to defendant credit on said decree and execution, any amounts that they may collect on the following claims, that are now held by complainants as collateral, to-wit: One note signed by W. G. Bell for $833.36, note dated December 1, 1874, credited by ($75.00) seventy-five dollars, on the 20th day of January, 1876; also a credit of $125.00. One note on B. F. Wolf, for $100.00, note due December 1, 1874, and credited with $20.00, on the 1st April, 1875; which two notes said Wm. D. Green, defendant, has given as collateral to secure the principal sum due on this case; and that when said sum of

three thousand one hundred and fifty-six dollars, ($3,156.00) with all interest and costs, shall be fully paid by the said Wm. D. Green, defendant, the same to be in full discharge of said William D. Green, and he shall be fully discharged from all liability on his bond as administrator *de bonis non* of Wm. H. Green, as administrator of Ellen A. Green, and as guardian of Deborah F. Green, Wm. H. Green and Jesse Green, and shall be discharged from said administration and guardianship as aforesaid; and that on said payment said complainants turn over to defendant the above described collaterals.

"It is further ordered that the execution be stayed till the first day of January, 1878.  C. F. CRISP,

J. S. C., S. W. C."

To the entering up of the aforesaid decree the defendant excepted.

We find no error in entering the decree complained of on the statement of facts contained in the record. The defendant's answer was mere pleading, and he offered no evidence to sustain the allegations contained therein, did not even ask the court for a *rule nisi* calling upon the plaintiffs to show cause why the decree should not be entered up in accordance with the agreement of the parties.

Let the judgment of the court below be affirmed.